IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ALSEA VALLEY ALLIANCE, and      )
MARK SEHL,                       )    Case No.  99-6265-HO
                                 )
              Plaintiffs,        )
                                 )    ORDER
              v.                 )
                                 )
CARLOS M. GUTTIEREZ, Secretary   )
of the United States Department  )
of Commerce; NATIONAL MARINE     )
FISHERIES SERVICE; WILLIAM T.    )
HOGARTH, NMFS Director; and      )
D. ROBERT LOHN, NMFS Regional    )
Director for the Northwest       )
Region,                          )
                                 )
              Defendants.        )
_____)

Plaintiffs seek to set a briefing schedule to address, by way
of declaratory judgment, whether the federal defendants' notice of
final administrative determination on remand complied with this
court's remand order to consider the best scientific information,
including the most recent data, in any further listing decisions

concerning the Oregon coast coho salmon.  Upon remand, the National Marine Fisheries Service (NMFS) withdrew its proposal to list the Oregon coast evolutionary significant unit of coho salmon under the Endangered Species Act (ESA).

A group of environmental and conservation organizations, some of whom have previously intervened in this suit, sent NMFS a notice of intent to challenge the new decision.  Parties who had intervened in this action, as well as others, filed a complaint alleging that "NMFS's decision to base its listing on Oregon's viability analysis runs counter to ESA's best available science mandate and the evidence in the record."  Plaintiffs have not given notice of intent to challenge the decision and indeed have not challenged the new decision.

The new challenge involves a new final agency action based on a separate administrative record.  Plaintiffs cast the new challenge to the new decision as a dispute regarding whether NMFS complied with this court's remand order.  However, this case has been terminated and judgement was entered on September 12, 2001. There are no issues to be decided regarding the original complaint in this case and plaintiffs have already received the judgment they sought.  There is nothing for the court to declare based on the complaint in this case and, in fact, plaintiffs do not contend they are injured by NMFS's decision subsequent to the remand.

The court does not have jurisdiction in this case to decide

issues raised by other parties in a related case.  To the extent plaintiffs seek to protect the new decision, they can intervene in the case in which the new decision has been challenged by those who do assert injury.

The challenge to the new decision is pending before Magistrate Judge Stewart in a separate case.  See Trout Unlimited v. Lohn, 06-1493-ST (D. Or.).  Magistrate Judge Stewart denied a motion to consolidate that action with a similar case involving plaintiff Alsea Valley Alliance.  In addition, Alsea Valley Alliance has been granted intervention in Trout Unlimited.  Allowing plaintiffs to seek a declaratory judgment in this case provides a risk of inconsistent judicial rulings regarding the same subject matter.

As part of the remand, NMFS established a new hatchery policy in accordance with this court's direction.  NMFS chose not to list Oregon coast coho for reasons unrelated to the hatchery policy. NMFS based its new decision on a new viability analysis performed by the State of Oregon.  That decision has been challenged, in the Trout Unlimited case, raising a different set of issues than previously raised in this case.  Alsea has challenged decisions implementing the new hatchery policy in other cases where NMFS did make a listing decision.  See, e.g., Alsea Valley Alliance v. Lautenbacher, 06-6093-HO (D. Or.).  Thus, plaintiffs have numerous opportunities to properly assert their interests.

In sum, plaintiffs, seek an advisory opinion over a subject

for which this court lacks jurisdiction in a case which may not
afford all interested parties an opportunity to assert their
interests. While it would be helpful to have the same court review
decisions related to previous cases, the court cannot disregard
jurisdictional requirements in the name of efficiency. Plaintiffs'
request to set a briefing schedule so that plaintiffs may seek
declaratory relief regarding NMFS's final determination that the
Oregon coast coho salmon do not warrant a listing as threatened or
endangered is denied.

Dated this ____17th____ day of May, 2007.

____s/ Michael R. Hogan_____
UNITED STATES DISTRICT JUDGE